UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANA KARINA VEGA and HUMBERTO ISRAEL MACIAS MEDINA, | Case No. 4:23-cv-00159-AKB |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MERRICK GARLAND, U.S. Attorney General; ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); UR M. JADDOU, Director of the United States Citizenship and Immigration Services (USCIS); LOREN K. MILLER, Director of USCIS Nebraska Service Center, | |
| Defendants. | |

Pending before this Court is Plaintiffs' Ana Karina Vega and Humberto Israel Macias Medina's (Macias Medina) Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act (EAJA).  (Dkt. 11).  For the reasons set forth below, the motion is denied.

## BACKGROUND

On April 7, 2023, Plaintiffs filed a Petition for Mandamus and Complaint for Injunctive and Declaratory Relief (Complaint), asserting a claim under the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b), 706(1), and a claim under the Mandamus Act, 28 U.S.C. § 1361. (Dkt. 1 at ¶¶ 65-81).  Plaintiffs sought this Court's determination on Macias Medina's Form I-601 Application for Waiver of Grounds of Inadmissibility (Application), or alternatively, a Court order mandating Defendants Merrick Garland, U.S. Attorney General; Alejandro Mayorkas, Secretary

of the U.S. Department of Homeland Security; United States Citizenship and Immigration Services (USCIS); Ur M. Jaddou, Director of the United States Citizenship and Immigration Services (USCIS); and Loren K. Miller, Director of USCIS Nebraska Service Center, to adjudicate Macias Medina's Form I-601.  (*Id.*  at ¶ 1).

The Complaint explains that on December 20, 2021, Macias Medina filed the Application.  (*Id.*  at ¶ 39).  At the time the Complaint was filed, the Application was still pending, and Macias Medina had been separated from his family for approximately fifteen months.  *Id.*  Plaintiffs sought relief based on the allegation that Defendants had unreasonably delayed the adjudication of the Application in contravention of 5 U.S.C. § 555(b), which provides any decision by USCIS on applications submitted to the agency must be issued "within a reasonable time."  (Dkt. 1 at ¶¶ 41-46).

On June 9, 2023, this Court entered an order granting the parties' stipulation to extend the deadline for defendants to file a responsive pleading to July 12. (Dkt 6).  Prior to defendants filing a responsive briefing, the parties filed a stipulation of dismissal on July 11.  (Dkt. 8).  The stipulation indicates the parties agreed to dismiss the Complaint provided the plaintiffs "may file their bill of costs and application for an award of attorney's fees under 28 U.S.C. § 2412." (Dkt. 8).  This Court granted the stipulation and entered an Order of Dismissal on July 13.  (Dkt. 10).

On August 1, Plaintiffs filed a Motion for Attorney's Fees and Expenses Under the EAJA (Motion) requesting the Court grant $7,165.83 in fees and expenses, in addition to fees spent on the present motion.  (Dkt. 11).

## LEGAL STANDARD

Under the EAJA, a plaintiff may be awarded attorney's fees and costs against the government if (1) the plaintiff is the prevailing party; (2) the government has not met its burden to

show that its positions were substantially justified or that special circumstances make an award

unjust; and (3) the requested attorney's fees and costs are reasonable. 28 U.S.C.

§ 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

## ANALYSIS

Macias Medina correctly asserts that under 28 U.S.C. § 2412(d)(1)(A) "[t]o qualify for an

EAJA award, a petitioner first must establish that he is an eligible, prevailing party." (Dkt. 11 at

2). A "prevailing party" is one who has been awarded some relief by the court on the merits of at

least some of his claims. *BARK v. Larsen*, 423 F. Supp. 2d 1135, 1139 (D. Or. 2006) (citing

*Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980)). The Ninth Circuit has clarified:

> "[A] plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." . . . "A material alteration of the legal relationship occurs when the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." . . . In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do.

*BARK*, 423 F. Supp. 2d at 1139 (quoting *Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir.

2000)).

Macias Medina cites *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health*

*& Hum. Res.*, 532 U.S. 598 (2001) as support for his argument that he is a prevailing party "because

[Macias Medina] has achieved a 'material alteration of the legal relationship of the parties' and

that alteration was 'judicially sanctioned.'" (Dkt. 11 at 2). Plaintiffs maintain the USCIS agreed

that the Application was entitled to approval and "did not contend that their delay was reasonable

or justified." *Id*. Plaintiffs further argue an award for attorney's fees is appropriate because this

Court granted the stipulated Order for Dismissal which directly benefited Macias Medina.

In response, Defendants also cite *Buckhannon* as support for their position.  (Dkt. 12 at 7).  They contend, however, Macias Medina is barred from recovering attorney's fees because *Buckhannon* rejected the catalyst theory for assessing whether a party has prevailed.  (Dkt. 12 at p. 7) (citing *Buckhannon*, 532 U.S. at 610).   The catalyst theory "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."  *Buckhannon*, 532 U.S. at 601.  Defendants argue, pursuant to *Buckhannon*, that Macias Medina is not entitled to attorney's fees because, "'[a] defendant's voluntary change in conduct,' sufficient for fees recovery under a catalyst theory, 'lacks the necessary judicial *imprimatur*' to qualify a plaintiff as prevailing party.'"  (Dkt. 12 at 7) (quoting *Buckhannon*, 532 U.S. at 605) (emphasis in original).  Defendants claim they "simply did what they would have done in the first place and granted Macias Medina's application despite his initial inadmissibility" and "there is no evidence that his lawsuit acted as a catalyst, so no attorney's fees should be awarded."  (Dkt. 12 at 7).[1]  The holding of *Buckhannon* supports Defendants' position, and Plaintiffs' reliance on it is misplaced.

In *Buckhannon*, a corporation that operated assisted living facilities received cease and desist orders requiring the closure of its facilities within thirty days after it failed an inspection by the state fire marshal because some of the residents were incapable of "self-preservation" as defined under West Virginia state law.  *Buckhannon*, 532 U.S. at 600.  Buckhannon Board and Care Home, Inc., and other similarly situated homes and residents sought declaratory and injunctive relief that the "self-preservation" requirement violated the Fair Housing Amendments

---

[1]     Defendants further argue Vega lacks standing, and therefore venue is improper in this district, and defendants did not unreasonably delay processing the Application.  Because the Court concludes Macias Medina is not the prevailing party and deny the motion on that basis, it does not address the merits of these arguments.

Act (FHAA) and the Americans with Disabilities Act (ADA). *Id*. at 600-01. The respondents agreed to stay the orders pending resolution of the case. *Id*. at 601. After the West Virginia legislature eliminated the "self-preservation" requirement, respondents moved to dismiss the case as moot, and the district court granted that motion. *Id*.

Thereafter, the petitioners argued that they were entitled to attorney's fees under the catalyst theory and requested attorney's fees as the "prevailing party" under the FHAA and the ADA. *Buckhannon*, 532 U.S. at 601. The Supreme Court of the United States rejected petitioner's position and concluded the catalyst theory "allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id*. at 605. The Court reasoned, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id*. Consequently, the Supreme Court held the term "prevailing party" does not "include a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id*. at 600.

The Ninth Circuit extended the holding of *Buckhannon* to the EAJA. *Perez-Arellano*, 279 F.3d at 794. The Court concluded that although *Buckhannon* involved fee-shifting provisions under the FHAA and ADA, "the Supreme Court's express rule of decision sweeps more broadly and its reasoning is persuasively applicable to an award of attorney's fees under the EAJA." *Id*.

Instructive here is *BARK v. Larsen*, in which the district court adopted the Findings and Recommendation of the magistrate court relating to plaintiffs' request for attorney's fees under the EAJA. *BARK*, 423 F. Supp. 2d at 1137. On July 8, 2002, seven environmental groups filed action seeking declaratory and injunctive relief under the National Environmental Policy Act, the

National Forest Management Act, and the judicial review provision of the Administrative Procedures Act. *Id*. at 1137. The claims were based on a challenge to the Pollalie Cooper Environmental Assessment and related Decision Notice. *Id*. Then, on August 21, 2002, the court signed an order based on stipulation of the parties, which provided the defendants approximately one month to review their position regarding their defense; temporarily staying all deadlines pending defendants' review; and prohibiting defendants from auctioning two timber sales and awarding a contract on a third during their review. *Id*. at 1138.

After their review, defendants indicated they would be seeking dismissal on all counts except as to one against the Polallie Cooper Project. *Id*. Before oral argument on the motion to dismiss, the parties stipulated to stay the case pending resolution of three Ninth Circuit cases, which the parties indicated could be dispositive to their case. *Id*. The court granted the stipulation and entered an order on February 2, 2003, which stayed the case until appeal on any of the three referenced cases was decided, at which point either party could request the court set a schedule for additional briefing or oral argument on the motion to dismiss. *Id*.

The Ninth Circuit decided all three cases, and before either party requested additional briefing or oral argument, the defendants notified plaintiffs the Forest Service withdrew the challenged Decision Notice for the Pollalie Cooper Project, which had authorized the three challenged timber sales. *Id*. at 1139. The parties stipulated to a dismissal of the action, subject to plaintiffs' right to pursue any claims for attorney's fees and costs under the EAJA. *Id*. The court entered a dismissal order on September 30, 2005,[2] which recited the pertinent history, dismissed

---

[2]     The decision indicates the dismissal order was entered on September 30, and on two instances references the order being entered on September 20, which appears to be an error. For conformity, this opinion will use the September 30 dismissal order date.

the action with prejudice, and provided plaintiffs could pursue claims for attorney's fees under the EAJA. *Id.*

Plaintiffs then filed a motion seeking attorney's fees and costs. *Id.* The magistrate court entered Findings and Recommendation that plaintiffs' motion should be denied, and the plaintiffs timely objected. *Id.* at 1137. After a *de novo* review of the rulings of the magistrate court, the district court adopted the magistrate court's Findings and Recommendation in its entirety. *Id.*

The court rejected plaintiffs' assertion that the orders entered on August 21, 2002, and September 30, 2005, "provide the required judicially endorsed material alteration in the parties' relationship and thus, qualify plaintiffs as prevailing parties for purposes of the EAJA." *Id.* at 1140. The court concluded "the Orders [plaintiffs] rely on do not evidence any actual relief on the merits of their claims materially altering their legal relationship with defendants." *Id.* Plaintiffs argued the August 21 stipulation and order required defendants to do several things they would not have been otherwise obligated to do. The court, however, concluded the order failed to provide a sufficient basis on which plaintiffs could claim to be prevailing parties. *Id.* at 1143. The court reasoned the order did not grant all or part of the preliminary injunction motion to any of the plaintiffs and defendants merely voluntarily agreed to temporarily preserve the status quo. *Id.* at 1141.

Plaintiffs unsuccessfully argued the September 30, 2005, order provided "sufficient judicial oversight to satisfy an award of attorney's fees" because it provided plaintiffs could pursue attorney's fees and costs. *Id.* at 1143. The court rejected this argument, concluding the provision "does not, by itself, meet the requisite standards." *Id.* In holding the September 30 dismissal order fails to provide a sufficient basis for plaintiffs to claim prevailing party status, the court further reasoned:

> The September [30], 2005 Dismissal Order recites the voluntary decision by defendants to withdraw the contested DN regarding the Pollalie Cooper Project and provides for the dismissal of the case. Nothing in the document shows that plaintiffs obtained actual relief on the merits of any of their claims materially altering the legal relationships between the parties. The only "behavior" change reflected in the September 30, 2005 Dismissal Order is a voluntary one by defendants.

*Id.*

The same reasoning applies in the present case. The stipulation and order of dismissal upon which Plaintiffs rely does not evidence any actual relief on the merits of their claims. The stipulation merely provides the parties "hereby enter and stipulate to dismiss Plaintiff's Petition for Mandamus and Complaint for Injunctive and Declaratory Relief provided that Plaintiffs' [sic] may file their bills of costs and application for an award of attorney's fees under 28 U.S.C. § 2412." Plaintiffs' argument that USCIS agreed Macias Medina's Application was entitled to approval, and Defendants did not contend the delay was reasonable or justified is unconvincing. (Dkt. 11 at 2). Defendants indicate they did not seek dismissal of the Complaint because the Application "was about to be granted," so they "instead worked with opposing counsel to obtain an extension for their time to file a responsive pleading so that the application process could be completed in a timely manner, which it was." (Dkt. 12 at 2). When Plaintiffs moved for attorney's fees, Defendants had not yet filed any responsive briefing to the Complaint or motion. The absence of any argument by Defendants that any delay was reasonable is not an admission. Indeed, Defendants have argued that they "did not unreasonably delay in processing [Macias] Medina's application" and that "they processed it within a very reasonable timeframe." (*Id*. at 5). Like *BARK*, the only "behavior" change reflected in the stipulation and order is Defendants' voluntary action.

Plaintiffs fail to provide a sufficient basis to claim prevailing party status. Accordingly, the Court denies Plaintiffs' motion for attorney's fees. (Dkt. 11).

**MEMORANDUM DECISION AND ORDER - 8**

## ORDER

**IT IS ORDERED that:**

Plaintiff's Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act (Dkt. 11) is **DENIED**.

DATED: November 07, 2023

Amanda K. Brailsford
U.S. District Court Judge